Kathyleen O'Brien (SBN 94218)
Email:    kobrien@reedsmith.com
Carla M. Wirtschafter (SBN 292142)
Email:    cwirtschafter@reedsmith.com
Charles P. Hyun (SBN 307817)
Email:    chyun@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA  90067-6078
Telephone: +1 310 734 5200
Facsimile: +1 310 734 5299

*Attorneys for Plaintiff*
*PennyMac Loan Services, LLC*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PENNYMAC LOAN SERVICES, LLC, a Delaware Limited Liability Company;<br><br>            Plaintiff,<br><br>      vs.<br><br>JOHN DOE,  an individual, and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case Number: 2:18-cv-05993<br><br>**COMPLAINT FOR:**<br><br>1) **TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114;**<br><br>2) **FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(a);**<br><br>3) **FALSE ADVERTISING – 15 U.S.C. § 1125(a); AND**<br><br>4) **FALSE PERSONATION THROUGH OR ON INTERNET WEB SITE OR BY OTHER ELECTRONIC MEANS – CAL. PENAL CODE § 528.5**<br><br>**JURY TRIAL DEMANDED.** |

US_ACTIVE-141527070

Plaintiff PennyMac Loan Services, LLC (hereinafter "Plaintiff" or "PennyMac"), alleges as follows against Defendants John Doe and DOES 1 through 10:

## THE PARTIES

1.     Plaintiff PennyMac Loan Services, LLC is a limited liability company organized and existing under the laws of Delaware, with its principal place of business located at 3043 Townsgate Road, Suite 200, Westlake Village, CA 91361.

2.     The true identity of Defendant John Doe ("Defendant") is unknown.  As set forth more fully below, Plaintiff has recently learned that Defendant has been impersonating Plaintiff's founder and Executive Chairman Stanford Kurland, on the Internet and using Plaintiff's name, business address, and federally registered trademarks, without the knowledge or consent of Plaintiff or Mr. Kurland in connection with a fraudulent loan solicitation scheme.  Plaintiff has attempted to ascertain Defendant's true identity, but has been unable to do so.  Among other things, Plaintiff has conducted a comprehensive internet search for all website and social media sites containing postings by Defendant, conducted a public records search on the email addresses and phone numbers Defendant has been known to use, and attempted to contact Defendant through these known email addresses and phone numbers and through various social media websites.  The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1-10 inclusive (the "Doe Defendants"), and each of them are unknown to Plaintiff at this time.  Plaintiff therefore sues the Doe Defendants by such fictitious names.  Plaintiff will amend the Complaint to reflect the true names and capacities of said Doe Defendants when that information has been ascertained.

## JURISDICTION AND VENUE

3.     This action is for federal trademark infringement, false designation of origin, and false advertising involving claims arising under the Lanham Act, 15 U.S.C. § 1051 et seq., and for false personation under the California Penal Code

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

§ 528.5.

4.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has supplemental jurisdiction over the state claim pursuant to 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over Defendant because Defendant has committed infringement and tortious acts within the State of California by offering purported loan services using Mr. Kurland's name, likeness, and/or affiliation with Plaintiff, together with Plaintiff's name, business address, and/or federally registered trademarks, without the knowledge or consent of Mr. Kurland or Plaintiff, knowing that such offering is likely to cause consumer confusion and harm to Plaintiff in this district.

7.      Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because the asserted claims arise from Defendant's conduct within this district, including the solicitation of business and the promotion of loan services while making unauthorized and infringing use of Plaintiff's trademarks.

**BACKGROUND AND FACTS RELATED TO THIS ACTION**

8.      Plaintiff is a leading provider of residential mortgage loans and residential mortgage loan related services in the United States.  As of March 2017, Plaintiff is the fourth largest originator and tenth largest servicer of residential mortgage loans in the United States.

9.      Since at least as early as 2008, Plaintiff has used the PennyMac name and one or more PENNYMAC trademarks in connection with financial services and residential mortgage loan services.

10.     In addition to common law rights in the PENNYMAC trademarks, Plaintiff owns U.S. Trademark Registration Nos. 4,551,930; 4,551,929; 3,631074; 3,582551; 3,601337; and 3,508,278 for various PENNYMAC and PENNYMAC and Design trademarks (hereinafter "PENNYMAC Marks" or "Marks").      These

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

registrations are all valid, subsisting, and in full force and effect.

11.    Plaintiff has spent considerable time, effort, and money promoting and developing consumer recognition and goodwill in its name and trademarks.  For approximately ten years, Plaintiff has made continuous, substantial, and ongoing investments in advertising and promoting its PennyMac name and PENNYMAC Marks through a variety of media, including print, broadcast, and the Internet, in social media, and in communications with customers and prospective customers through direct mail and other means.  Due to Plaintiff's extensive and continuous use of its name and Marks, they are well known and distinctive and the public has come to recognize them as being uniquely associated with Plaintiff.

12.    Non-party Stanford Kurland, an actual person, is the founder of PennyMac and currently serves as its Executive Chairman.

13.    Since at least March 2017, Defendant has engaged in a fraudulent scheme in which he, posing as a lender, offers loans to consumers which he has no intention of funding (the "Fraudulent Solicitation Scheme").  In furtherance of his Fraudulent Solicitation Scheme, without the knowledge or consent of Plaintiff or Mr. Kurland, Defendant has posed and continues to pose as a loan officer for Plaintiff using the name "Stanford Kurland," together with Mr. Kurland's likeness and affiliation with Plaintiff, as well as Plaintiff's PennyMac name, address, PENNYMAC Marks, and the email address "pennymacloanservices@gmail.com."  Making use of this false identity and information, Defendant has solicited, and continues to solicit, loan applications from consumers through various websites and social media platforms.

14.    After making contact with a consumer, Defendant emails a purported loan application to the consumer, together with a request for a fee or fees to process the loan (the "Fees").  The purported loans offered by Defendant are never funded and Defendant misappropriates any Fees provided.

15.    Defendant's unauthorized use of Plaintiff's name, address, and PENNYMAC       Marks,       together       with       the       email       address

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

"pennymacloanservices@gmail.com," in furtherance of the Fraudulent Solicitation Scheme, is likely to cause confusion to consumers and mislead them into believing that the loan services purportedly offered by Defendant are offered, authorized, approved, and/or endorsed by Plaintiff, when they are not.

16.   Defendant's use of the name "Stanford Kurland," the name of Plaintiff's well known founder and Executive Chairman, together with Mr. Kurland's likeness and/or affiliation with Plaintiff, in furtherance of Defendant's Fraudulent Solicitation Scheme, also is likely to cause confusion to consumers and mislead them into believing that the loan services purportedly offered by Defendant are offered, authorized, approved, and/or endorsed by Plaintiff, when they are not.

17.   Defendant's unauthorized use of Plaintiff's name, address, and PENNYMAC Marks and his impersonation of Mr. Kurland demonstrate Defendant's intent to trade off the goodwill established by Plaintiff in its name and PENNYMAC Marks.

18.   As a result of Defendant's conduct, including his willful and improper use of Plaintiff's name, address, and PENNYMAC Marks, and his impersonation of Mr. Kurland, actual confusion already has arisen among consumers who mistakenly believe that the loan services purportedly offered by Defendant are offered, authorized, approved, and/or endorsed by Plaintiff.  Unless the conduct of Defendant is enjoined, further confusion is likely to ensue, which is causing, and will continue to cause, significant damage and injury to both Plaintiff and the public.

19.   As a result of Defendant's ongoing Fraudulent Solicitation Scheme, Plaintiff's business, reputation, and the goodwill associated with its PennyMac name and PENNYMAC Marks have been, and will continue to be, damaged.

### FIRST CLAIM FOR RELIEF

### Trademark Infringement – 15 U.S.C. § 1114

### (Plaintiff Against Defendant)

20.   Plaintiff restates and realleges the allegations of Paragraphs 1–19 above,

1 as though fully set forth herein.

2     21.    As set forth above, Plaintiff has owned valid and protectable interests in

3 the PENNYMAC Marks since before the acts of Defendant complained of herein.

4     22.    Nevertheless, Defendant has been using and continues to use the

5 PENNYMAC Marks in connection with his Fraudulent Solicitation Scheme, which is

6 targeted at the same consumers who seek Plaintiff's loan services, and which is

7 offered through the same channels of trade.

8     23.    Defendant's unauthorized and tortious conduct is likely to cause, has

9 caused, and is now causing confusion, mistake, and deception among consumers and

10 infringes Plaintiff's registered PENNYMAC Marks in violation of 15 U.S.C. § 1114.

11     24.    Defendant's unauthorized and tortious conduct also has deprived, and

12 will continue to deprive, Plaintiff of the ability to control consumer perception of its

13 loan services marketed under its PENNYMAC Marks, placing Plaintiff's valuable

14 reputation and goodwill in the hands of Defendant, over whom Plaintiff has no

15 control.

16     25.    Defendant's knowledge of the PENNYMAC Marks prior to his

17 unauthorized adoption and use of those Marks in connection with his Fraudulent

18 Solicitation Scheme, and his impersonation of PennyMac's well-known founder and

19 Executive Chairman, Stanford Kurland, evidence an intent to cause consumer

20 confusion and to trade off of Plaintiff's goodwill in its PENNYMAC Marks and

21 renders this case exceptional under 15 U.S.C. § 1117.

22     26.    As a direct and proximate result of Defendant's infringement under 15

23 U.S.C. § 1114, Plaintiff has suffered, and will continue to suffer, substantial damage

24 and irreparable harm constituting injury for which it has no adequate remedy at law.

25 Unless restrained and enjoined by this Court, the wrongful acts of Defendant will

26 continue to cause damage and injury to Plaintiff and to the goodwill associated with

27 its PENNYMAC Marks.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**SECOND CLAIM FOR RELIEF**

**False Designation of Origin – 15 U.S.C. § 1125(a)**

**(Plaintiff Against Defendant)**

27.     Plaintiff restates and realleges the allegations of Paragraphs 1–26 above, as though fully set forth herein.

28.     As set forth above, Plaintiff has owned valid and protectable interests in the PENNYMAC Marks since before the acts of Defendant complained of herein.

29.     Nevertheless, Defendant has been using and continues to use Plaintiff's PENNYMAC Marks in connection with his Fraudulent Solicitation Scheme, which is targeted at the same consumers who seek Plaintiff's loan services, and which is offered through the same channels of trade.

30.     Defendant's unauthorized and tortious conduct is likely to cause, has caused, and is now causing confusion, mistake, and deception in the public mind that: (i) the loan services purportedly offered by Defendant are offered, authorized, approved, and/or endorsed by Plaintiff, when they are not; and (ii) there is a relationship, affiliation, connection or association between Plaintiff and Defendant that does not, in fact, exist.

31.     Such conduct by Defendant constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32.     Defendant's unauthorized and tortious conduct also has deprived, and will continue to deprive, Plaintiff of the ability to control consumer perception of the loan services marketed under its PENNYMAC Marks, placing Plaintiff's valuable reputation and goodwill in the hands of Defendant, over whom Plaintiff has no control.

33.     Defendant's knowledge of the PENNYMAC Marks prior to his unauthorized adoption and use of those Marks in connection with his Fraudulent Solicitation Scheme and his impersonation of PennyMac's well-known founder and

Executive Chairman, Stanford Kurland, evidence an intent to cause consumer confusion and to trade off Plaintiff's goodwill in its PENNYMAC Marks and renders this case exceptional under 15 U.S.C. § 1117.

34.    As a direct and proximate result of Defendant's infringement under 15 U.S.C. § 1125(a), Plaintiff has suffered and will continue to suffer substantial damage and irreparable harm constituting injury for which it has no adequate remedy at law. Unless restrained and enjoined by this Court, the wrongful acts of Defendant will continue to cause serious and irreparable injury and damage to Plaintiff and to the goodwill associated with its PENNYMAC Marks.

## THIRD CLAIM FOR RELIEF

### False Advertising – 15 U.S.C. § 1125(a)

**(Plaintiff Against Defendant)**

35.     Plaintiff restates and realleges the allegations of Paragraphs 1–34 above, as though fully set forth herein.

36.    As set forth above, Plaintiff has owned valid and protectable interests in its PennyMac name and PENNYMAC Marks since before the acts of Defendant complained of herein.

37.    Nevertheless, Defendant has been using and continues to use Plaintiff's name and PENNYMAC Marks in connection with his Fraudulent Solicitation Scheme, which is targeted at the same consumers who seek Plaintiff's loan services, and which is offered through the same channels of trade.

38.    Defendant's impersonation of Mr. Kurland and his false and misleading representations of fact in connection with his Fraudulent Solicitation Scheme misrepresent the nature, characteristics, qualities and/or geographic origin of Defendant's purported loan services by falsely stating or implying that Defendant's purported services are offered, authorized, approved, and/or endorsed by Plaintiff and by Mr. Kurland, on Plaintiff's behalf, when they are not, and that there is a relationship, affiliation, connection or association between Plaintiff and Defendant

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  that does not, in fact, exist.

2      39.   Defendant also made false statements to consumers, including promises

3  that Defendant would provide loans, when, in fact, Defendant had no intention of

4  providing any such loans.

5      40.   Such conduct by Defendant constitutes false advertising in violation of

6  Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

7      41.   Defendant's unauthorized and tortious conduct also has deprived, and

8  will continue to deprive, Plaintiff of the ability to control consumer perception of its

9  loan services marketed under its name and PENNYMAC Marks, placing Plaintiff's

10  valuable reputation and goodwill in the hands of Defendant, over whom Plaintiff has

11  no control.

12      42.   Defendant's knowledge of Plaintiff's name and PENNYMAC Marks

13  prior to his unauthorized adoption and use of them in connection with his Fraudulent

14  Solicitation Scheme, and his impersonation of PennyMac's well-known founder and

15  Executive Chairman, Stanford Kurland, evidence an intent to cause consumer

16  confusion and to trade off of Plaintiff's goodwill and renders this case exceptional

17  under 15 U.S.C. § 1117.

18      43.   Defendant's false or misleading statements also are likely to cause

19  potential PennyMac customers to seek alternative loan services from PennyMac's

20  competitors, thereby damaging Plaintiff including, without limitation, by causing lost

21  sales and harm to Plaintiff's name, reputation, and actual and potential business

22  relationships.

23      44.   As a direct and proximate result of Defendant's infringement under 15

24  U.S.C. § 1125(a), Plaintiff has suffered and will continue to suffer substantial damage

25  and irreparable harm constituting injury for which it has no adequate remedy at law.

26  Unless restrained and enjoined by this Court, the wrongful acts of Defendant will

27  continue to cause serious irreparable injury and damage to Plaintiff and to the

28  goodwill associated with the Plaintiff's PENNYMAC Marks.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**FOURTH CLAIM FOR RELIEF**

**False Personation Through or on an Internet Web Site or by other Electronic**

**Means – Cal. Penal Code § 528.5**

**(Plaintiff Against Defendant)**

45.     Plaintiff restates and realleges the allegations of Paragraphs 1-44 above, as though fully set forth herein.

46.     As set forth above, Defendant has been credibly impersonating PennyMac executive Stanford Kurland on the Internet, by using his name, likeness, and affiliation with PennyMac, without his knowledge or consent, in connection with Defendant's Fraudulent Solicitation Scheme, from at least as early as March of 2017 through the present.   Defendant impersonates Mr. Kurland in his communications with consumers via email, websites, and various social media platforms in order to trick them into applying for loans which do not exist and paying Fees to obtain loans that are never funded. On information and belief, Defendant uses Mr. Kurland's name, likeness, and affiliation with PennyMac in such communications to give the appearance of legitimacy to his Fraudulent Solicitation Scheme.

47.     On information and belief, consumers who have submitted loan applications and paid Fees to Defendant would or did reasonably believe that he really was Mr. Kurland at the time they did so.

48.     Defendant's impersonation of Mr. Kurland has deprived, and will continue to deprive, Plaintiff of the ability to control consumer perception of its loan services, placing Plaintiff's valuable reputation and goodwill in the hands of Defendant, over whom the Plaintiff has no control.

49.     Defendant's impersonation of Mr. Kurland also is likely to cause potential PennyMac customers to seek alternative loan services from PennyMac's competitors, thereby damaging Plaintiff including, without limitation, by causing lost sales and harm to Plaintiff's business relationships.

50.     As a direct and proximate result of Defendant's impersonation of

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

Mr. Kurland in violation of Cal. Penal Code § 528.5, Plaintiff has suffered and will continue to suffer substantial damage and irreparable harm constituting injury for which it has no adequate remedy at law.  Unless restrained and enjoined by this Court, the wrongful acts of Defendant will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with its name and loan services.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court enter judgment in their favor and against Defendant as follows:

1.    Judgment be entered that Defendant has infringed Plaintiff's PENNYMAC Marks and committed acts of unfair competition in violation of 15 U.S.C. §§ 1114(1) and 1125(a);

2.    Judgment be entered that Defendant has violated Cal. Penal Code § 528.5 by impersonating Stanford Kurland;

3.    Judgment be entered permanently enjoining Defendant and all of those acting in concert with him from:

   a.    selling, offering for sale, advertising, or promoting any goods or services using any of Plaintiff's PENNYMAC Marks, or any other word or design that is confusingly similar to any of Plaintiff's PENNYMAC Marks;

   b.    falsely stating, implying, advertising, or promoting any affiliation or association with, relationship to, or approval, endorsement, or sponsorship by Plaintiff which does not exist;

   c.    falsely claiming or representing that he is Stanford Kurland, or using "Stanford Kurland" as a name, alias, moniker, or screenname for any purpose; and

   d.    performing any actions or using any words, names, styles, titles or trademarks that are likely to cause mistake or confusion, or to deceive or otherwise mislead the public into believing that

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Defendant is related to, approved, endorsed or sponsored by, or affiliated, or associated in any way with Plaintiff.

4.    Defendant be held liable and ordered to account for and pay to Plaintiff:

    a.    treble actual damages or Defendant's profits pursuant to 15 U.S.C. § 1117(a) based on Defendant's willful infringement of Plaintiff's PENNYMAC Marks;

    b.    all gains, benefits, and advantages derived from Defendant's wrongful use, misappropriation, and infringement of Plaintiff's PENNYMAC Marks;

    c.    all losses and damages, including lost profits and costs for corrective advertising, suffered by Plaintiff as a result of Defendant's wrongful use and infringement of Plaintiff's PENNYMAC Marks, including prejudgment and postjudgment interest and costs pursuant to 15 U.S.C. § 1117;

    d.    compensatory damages pursuant to Cal. Penal Code § 528.5 based on Defendant's impersonation of Stanford Kurland;

    e.    punitive or exemplary damages pursuant to Cal. Penal Code §§ 528.5(e) and 502(e)(4) and Cal. Civil Code § 3294;

    f.    Plaintiff's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and Cal. Penal Code §§ 528.5(e) and 502(e)(2); and

    g.    Judgment granting Plaintiff damages and such other relief as this Court deems just and proper.

DATED:  July 10, 2018          REED SMITH LLP

By:    /s/Kathyleen O'Brien
           Kathyleen O'Brien
           Carla M. Wirtschafter
           Charles P. Hyun
           Attorneys for Plaintiff
           PennyMac Loan Services, LLC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands a trial by jury as to all issues properly so tried.

DATED:  July 10, 2018                         REED SMITH LLP

By:      /s/ Kathyleen O'Brien
Kathyleen A. O'Brien
Carla M. Wirtschafter
Charles P. Hyun
Attorneys for Plaintiff
PennyMac Loan Services, LLC