Kathyleen O'Brien (SBN 94218)
Email: kobrien@reedsmith.com
Carla M. Wirtschafter (SBN 292142)
Email: cwirtschafter@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067-6078
Telephone: +1 310 734 5200
Facsimile: +1 310 734 5299

*Attorneys for Plaintiff*
*PennyMac Loan Services, LLC*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

PENNYMAC LOAN SERVICES, LLC, a Delaware Limited Liability Company;

Plaintiff,

vs.

JOHN DOE, an individual, and DOES 1 through 10, inclusive,

Defendants.

Case Number: 2:18-cv-05993-ODW-RAO

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO THE RULE 26(f) CONFERENCE, OR IN THE ALTERNATIVE, FOR AN ORDER FROM THE COURT AUTHORIZING SERVICE BY E-MAIL**

*[Filed Concurrently with Notice of Motion and Motion; Declaration of Carla M. Wirtschafter; [Proposed] Order]*

Date: September 10, 2018
Time: 1:30 p.m.
Place: Courtroom 5D

Complaint Filed: July 10, 2018

Honorable Otis D. Wright II

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. STATEMENT OF RELEVANT FACTS ..... 2

III. THERE IS GOOD CAUSE TO ALLOW PLAINTIFF TO TAKE EARLY DISCOVERY TO IDENTIFY DEFENDANT ..... 3

IV. SERVICE BY EMAIL IS APPROPRIATE ..... 7

A. Defendant's Improper Conduct Is Preventing Service Through Traditional Means ..... 7

B. Serving Defendant By Email At The Same Addresses He Has Listed as the Method of Contact for Consumers to Obtain Services Comports With Constitutional Notions of Due Process ..... 8

V. CONCLUSION ..... 9

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No: 2:18-cv-05993-ODW-RAO 1 US_ACTIVE-141998210

PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO THE RULE 26(F) CONFERENCE, OR IN THE ALTERNATIVE, FOR AN ORDER FROM THE COURT AUTHORIZING SERVICE BY E-MAIL

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Balsam v. Angeles Tech. Inc.*
No. C06-04114 JFHRL, 2007 WL 2070297 (N.D. Cal. July 17, 2007) .................. 7

*Crawford-El v. Britton*
523 U.S. 574 (1998) .................. 3

*Estate of Morris v. Imperial Cty*,
No. 16-CV-02334-BAS-PCL, 2017 WL 1237933(S.D. Cal. Apr. 4, 2017) .................. 6

*Gillespie v. Civiletti*,
629 F.2d 637 (9th Cir. 1980) .................. 6

*Kohler Co. v. Domainjet, Inc.*,
No. 11-CV-1767-BEN MDD, 2012 WL 716883 (S.D. Cal. Mar. 5, 2012) .................. 6

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306 (1950) .................. 8

*Rio Props., Inc. v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2002) .................. 8

*Uber Techs., Inc. v. Doe*,
No. 3:15-CV-00908-LB, 2015 WL 4451372 (N.D. Cal. July 20, 2015) .................. 4

**Rules and Statutes**

Cal. Code Civ. Proc. § 413.40 .................. 7

Fed. R. Civ. Proc. R. 4(e)(1) .................. 7

Fed. R. Civ. Proc. R. 26 .................. 3

Fed. R. Civ. Proc. R. 26(d)(1) .................. 3, 4

Fed. R. Civ. Proc. R. 26(f) .................. 3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff PennyMac Loan Services, LLC ("Plaintiff") filed this action to stop Defendant John Doe's ("Defendant") fraudulent loan solicitation scheme. As detailed in Plaintiff's Complaint, Defendant, whose true identity is unknown, has been posing as Plaintiff's founder and Executive Chairman, Stanford Kurland, and purporting to offer loans from Plaintiff, a well-recognized and reputable lender, in emails and posts on various social media sites. Defendant has used Mr. Kurland's name and image, along with Plaintiff's business address and federally registered trademarks, without their knowledge or consent, to attempt to dupe consumers into sending money to Defendant for loans that never materialize. Defendant has used the following three fake "pennymac" Gmail addresses to communicate with consumers and to give credence to his solicitation emails and posts: (1) pennymacloanservice80@gmail.com; (2) pennymacloanservice@gmail.com; and (3) pennymacservice@gmail.com.

Before filing this lawsuit, Plaintiff sent communications to Defendant at all three of these email addresses demanding that he stop his fraudulent solicitations, notifying him that this lawsuit would be filed and asking him to contact Plaintiff's counsel, to identify himself, and to provide his contact information. After filing this lawsuit, Plaintiff sent three additional communications to Defendant at each email address, advising him that a lawsuit had been filed and repeating its requests for this information. Because Defendant has failed to respond to any of these communications, much less to identify himself or provide his contact information, Plaintiff has been unable to serve him with the Complaint and requires assistance from this Court to effectuate service.

For the reasons set forth below, Plaintiff respectfully requests this Court to grant this motion and to either: (1) permit Plaintiff to serve a subpoena on Google, Inc. before the Rule 26 conference, requiring it to identify the registrant of the three

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No: 2:18-cv-05993-ODW-RAO 1 US_ACTIVE-141998210
PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO THE RULE 26(F) CONFERENCE, OR IN THE ALTERNATIVE, FOR AN ORDER FROM THE COURT AUTHORIZING SERVICE BY E-MAIL

email accounts used by Defendant, together with the IP addresses from which these email accounts were accessed; or, in the alternative; (2) authorize Plaintiff to serve Defendant by email at the two email addresses used by Defendant which were still active on the date this motion was filed.[1]

## II. STATEMENT OF RELEVANT FACTS

On July 10, 2018, Plaintiff commenced this action against John Doe, an unknown individual who has been and continues to engage in a fraudulent loan solicitation scheme by pretending to be Plaintiff's founder and Executive Chairman, Stanford Kurland, and to offer to consumers loans purportedly funded by Plaintiff. *See* Complaint, ¶ 2. In fact, Defendant is not Mr. Kurland and is not affiliated with Plaintiff in any way. *See* Complaint, ¶¶ 12-13. Plaintiff solicits loan applicants through chat rooms on various social media sites and uses the three email addresses pennymacloanservice80@gmail.com; pennymacloanservice@gmail.com; and pennymacservice@gmail.com to communicate with them. *Id.*, ¶¶ 8-19; Declaration of Carla M. Wirtschafter ("Wirtschafter Decl."), ¶ 15, Exh. F. Plaintiff brought this lawsuit for trademark infringement, false designation of origin, false advertising, and false personation to stop Defendant's fraudulent solicitations. Complaint, ¶¶ 8-19. Plaintiff now brings this Motion to ascertain Defendant's true identity in order to serve the Complaint.

Prior to commencing this lawsuit, Plaintiff contacted Defendant in an effort to learn his true identity. *See* Wirtschafter Decl., ¶¶ 2-6, Exh. A. Plaintiff also attempted to independently identify Defendant using both Accurint and Westlaw, and a through

[1] It appears that Defendant has closed the account connected with the email address pennymacloanservice80@gmail.com. For this reason, while Plaintiff seeks to obtain discovery about this email address, it only requests permission to serve Defendant at the email addresses pennymacloanservice@gmail.com and pennymacservice@gmail.com, both of which were still functioning on the date this motion was filed. *See* Wirtschafter Decl., ¶¶ 6, 8, fn. 1.

Case No: 2:18-cv-05993-ODW-RAO 2
PENNYMAC LOAN SERVICES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO THE RULE 26(F) CONFERENCE, OR IN THE ALTERNATIVE, FOR AN ORDER FROM THE COURT AUTHORIZING SERVICE BY E-MAIL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

a thorough internet search. *Id.*, ¶ 5; Complaint, ¶ 2. Plaintiff's efforts to identify Defendant have been unsuccessful. Although Defendant has never responded to Plaintiff's communications, he has continued to make the fraudulent solicitations described above. *See* Wirtschafter Decl., ¶¶ 7-8, Exh. B. Because Defendant had refused to come forward, Plaintiff does not know his true name, address, or telephone number and is unable to use the traditional means of service provided for in Federal Rule of Civil Procedure 4. *See id*., ¶ 9. Although it is reasonably likely that this information could be obtained through third-party subpoenas directed to Google, the social media company with which Defendant maintains his accounts, and the Internet Service Provider he uses to access to the Gmail accounts at issue, Rule 26 of the Federal Rules of Civil Procedure prohibits Plaintiff from serving such discovery until after the parties' Rule 26 conference. *See id.*, ¶¶ 10-13, Fed. R. Civ. P. 26(d)(1). However, until Plaintiff obtains Defendant's name and contact information, which he has refused to provide to date, it has no way to contact him to conduct the required Rule 26 conference. *See id.*, ¶¶ 6-8, 14.

For these reasons, Plaintiff has brought this Motion seeking either permission to take the early third-party discovery required to identify Defendant or, alternatively, to serve Plaintiff with the Summons and Complaint at the two active email addresses he has used to communicate with consumers.

## III. THERE IS GOOD CAUSE TO ALLOW PLAINTIFF TO TAKE EARLY DISCOVERY TO IDENTIFY DEFENDANT

Federal Rule of Civil Procedure 26 gives courts broad power to determine the timing and sequence of discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.") Federal Rule of Civil Procedure 26(d)(1) provides that a court may in its discretion permit discovery before the parties have conducted their Rule 26(f) conference and Rule 26(d)(1)'s general rule that

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

discovery is not permitted until parties have completed that conference may be altered by "court order". Fed. R. Civ. P. 26(d)(1).

Good cause exists to allow early discovery to identify a Doe defendant when: (1) the court can determine that the Doe defendant is a real person who can be sued in federal court; (2) Plaintiff recounts the steps taken to locate and identify the defendant; (3) Plaintiff demonstrates that its Complaint can withstand a motion to dismiss; and (4) Plaintiff shows that the discovery requested is reasonably likely to lead to identifying information that will permit service of process. *See Uber Techs., Inc. v. Doe*, No. 3:15-CV-00908-LB, 2015 WL 4451372, at *3 (N.D. Cal. July 20, 2015). Here, each of these requirements is satisfied.

*First*, Defendant is unquestionably a real person who can be sued in federal court. Defendant has used Mr. Kurland's name, job title and likeness, together with Plaintiff's name and trademarks, on numerous social media sites to solicit loan applicants and has used the three "pennymacloanservice" email addresses identified above to communicate with them. Complaint, ¶¶ 2, 8-50; Wirtschafter Decl., ¶ 15, Exh. F. Defendant has posted solicitations and advertised that he is offering "pennymac" loans on googleplus, Instagram, facebook, twitter, pinterest, zoominfo.com, connectedinvestoras.com, and stage32.com, and has directed interested consumers to contact him at each of these email addresses. Wirtschafter Decl., ¶ 15, Exh. F.

*Second*, Plaintiff has exhausted all reasonable means to attempt to identify Defendant. Plaintiff has reached out to Defendant, in five separate communications, sent to each of the email addresses identified in his fraudulent solicitations asking him to identify himself, and has conducted a thorough internet search to try to independently learn his true identity. Wirtschafter Decl., ¶¶ 2-14; Complaint, ¶ 2. Defendant has refused to respond to Plaintiff's repeated efforts to communicate with him and to learn his identity. Wirtschafter Decl., ¶¶ 2-7, 14, Exhs. A-B, E. Plaintiff

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

cannot hold Defendant responsible or stop his unlawful acts unless and until it knows who he is. Accordingly, Plaintiff requires assistance from the Court to enable it to identify Defendant so that it can serve the Complaint.

*Third*, the facts pled in the Complaint are sufficient to state claims for trademark infringement, false designation of origin, false advertising, and false personation and to withstand a motion to dismiss for at least the following reasons: (1) The Complaint alleges that Defendant has knowingly and willfully infringed Plaintiff's registered PENNYMAC trademarks, which Plaintiff has spent considerable time, effort, and money promoting and in which it has developed both consumer recognition and goodwill. Complaint, ¶¶ 8-19. Moreover, Defendant's solicitations identify his company name as "Pennymac", use Plaintiff's business address and telephone number and offer "pennymac loans." Wirtschafter Decl., ¶ 15, Exh. F. Defendant's prominent use of the PENNYMAC name and marks in his email addresses pennymacloanservice@gmail.com and pennymacservice@gmail.com, standing alone, supports Plaintiff's claims for trademark infringement and false designation of origin. *Id.* (2) Not only is Defendant using Plaintiff's name and marks, he is posing as Mr. Kurland, Plaintiff's founder and the most senior member of its management team, to sell his fraudulent services. *Id.*, ¶¶ 2, 8-50. Defendant's unauthorized use of Mr. Kurland's name and likeness, which cannot be disputed, support Plaintiff's claims for false advertising and false personation. *Id.*; *see also* Wirtschafter Decl., ¶ 15, Exh. F. (3) Finally, Defendant has defrauded consumers who have submitted loan applications and paid fees to him in the mistaken belief that he was Mr. Kurland and that Plaintiff was funding the loans he pretended to offer, which supports all of Plaintiff's claims. Complaint, ¶¶ 16-18; 46-47.

*Fourth,* the discovery that Plaintiff requests is reasonably likely to lead to identifying information that will permit service of process. Specifically, Plaintiff seeks leave to serve a subpoena on Google, Inc., the "Gmail" email provider

Defendant used to facilitate his illegal scheme, seeking the following information: (1) registrant contact information for the owner of the three Gmail accounts used by Defendant; and (2) the IP addresses used to access these email accounts. Wirtschafter Decl., ¶ 10, Exh. C. The IP addresses can be used to identify the Internet Service Provider ("ISP") who provides internet access to Defendant and who also may have accurate contact information for him. Plaintiff also seeks permission to serve, if necessary, a second subpoena on the ISP that Defendant used to access his Gmail accounts. Wirtschafter Decl., ¶ 11, Exh. D. The correct ISP should be ascertainable from the IP address information sought from Google, Inc. in the first proposed subpoena. *See* Wirtschafter Decl., ¶¶ 10-11, Exhs. C-D (proposed subpoenas). Plaintiff would only serve the second subpoena on the ISP if the first subpoena to Google, Inc. fails to yield sufficient information to ascertain Defendant's identity (this might happen if, for instance, Defendant used a false name and contact information to sign up for his Gmail accounts). *See id.*, ¶ 11.

When a "John Doe" defendant's identity is not known at the time a complaint is filed, courts often grant plaintiffs early discovery to determine his identity. *See, e.g., Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (reversing district court decision that denied the plaintiff an opportunity to uncover the identities of the "John Does" through discovery); *Estate of Morris v. Imperial Cty.*, No. 16-CV-02334-BAS-PCL, 2017 WL 1237933, at *4 (S.D. Cal. Apr. 4, 2017) (denying a motion to strike doe defendants because the plaintiffs should have "an opportunity through discovery to uncover the identities of the 'John Doe' defendants and proceed with [their] claims."

In sum, without the limited discovery sought by this motion to identify Defendant, Plaintiff cannot serve the Complaint and Defendant can continue his illegal scheme.

## IV. SERVICE BY EMAIL IS APPROPRIATE

### A. Defendant's Improper Conduct Is Preventing Service Through Traditional Means

Alternatively, Plaintiff seeks permission to serve Defendant by alternative means, namely by email at "pennymacloanservice@gmail.com" or "pennymacservice@gmail.com." Rule 4(e)(1) of the Federal Rules of Civil Procedure allows the service of a summons on an individual in any manner that follows "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Section 413.30 of the California Code of Civil Procedure provides that:

> "Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court."

Courts in California regularly allow email service under Section 413.30 where, as here, no traditional service method is feasible. *See e.g. Balsam v. Angeles Tech. Inc.*, No. C06-04114 JFHRL, 2007 WL 2070297, at *3 (N.D. Cal. July 17, 2007); *Kohler Co. v. Domainjet, Inc.*, No. 11-CV-1767-BEN MDD, 2012 WL 716883, at *2 (S.D. Cal. Mar. 5, 2012).

If the Court denies Plaintiff's request to conduct limited early discovery, email service is the only viable option. *See* Wirtschafter Decl., ¶¶ 12-13. Because Defendant has chosen to hide behind a cloak of anonymity, Plaintiff continues to be deprived of its right to confront Defendant, to stop his fraudulent scheme, and to hold him responsible for the harm already caused.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No: 2:18-cv-05993-ODW-RAO    7
PENNYMAC LOAN SERVICES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO THE RULE 26(F) CONFERENCE, OR IN THE ALTERNATIVE, FOR AN ORDER FROM THE COURT AUTHORIZING SERVICE BY E-MAIL

**B. Serving Defendant By Email At The Same Addresses He Has Listed as the Method of Contact for Consumers to Obtain Services Comports With Constitutional Notions of Due Process**

Here, email service is reasonably calculated to give Defendant notice of this lawsuit. Alternative service of process is appropriate when it comports with constitutional notions of due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (finding alternative service proper where there is evidence that the defendant used and had access to the email address). To satisfy this requirement, the alternative method of service "must be 'reasonably calculated under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).

As part of his fraudulent scheme, Defendant has repeatedly directed consumers to contact him at the same two email addresses Plaintiff proposes using to serve him with the Complaint. *See* Complaint, ¶¶ 2, 8-50. Defendant undoubtedly has access to the email accounts he has routinely used to communicate with consumers, and counsel for Plaintiff has not received any messages indicating that either of these email addresses are no longer valid, such as a message that its emails are undeliverable. Wirtschafter Decl., ¶¶ 6-8, Exhs. A-B. Moreover, because Plaintiff has emailed Defendant at these addresses, and specifically notified him of this lawsuit, he also is independently aware of this litigation. *See id*.

Defendant is using the internet as both a sword to perpetuate his fraudulent scheme and a shield to avoid detection. Service upon Defendant at the same email addresses he is touting to the public as the means to contact him is reasonably calculated to give Defendant notice of the pendency of this action and to afford him with the opportunity to respond.

## V. CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests an order from the Court (1) permitting Plaintiff to issue a subpoena to Google, Inc. for contact and IP address information before a Rule 26(f) conference in order to serve the individual behind the email accounts "pennymacloanservice80@gmail.com"; "pennymacloanservice@gmail.com"; and "pennymacservice@gmail.com"; and (2) permitting a follow-up subpoena to the ISP associated with any IP address Google, Inc. provides seeking contact information for the subscriber; or (3) in the alternative, to allow Plaintiff to serve Defendant by emailing a copy of the Summons and Complaint to him at the email addresses "pennymacloanservice@gmail.com" and "pennymacservice@gmail.com".

DATED: August 10, 2018 REED SMITH LLP

By: */s/Kathyleen O'Brien*
Kathyleen O'Brien
Carla M. Wirtschafter
Attorneys for Plaintiff
PennyMac Loan Services, LLC

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**CERTIFICATE OF SERVICE**
***Pennymac Loan Services, LLC v. John Doe;***
***USDC Central District-Western Division Case No.: 2:18-cv-05993-ODW-RAO***

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 1901 Avenue of the Stars, Suite 700, Los Angeles, California 90067-6078. On August 10, 2018, I served the following document(s) by the method indicated below:

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO THE RULE 26(f) CONFERENCE, OR IN THE ALTERNATIVE, FOR AN ORDER FROM THE COURT AUTHORIZING SERVICE BY E-MAIL**

☐ **BY MAIL** – by placing a true and correct copy(ies) of the attached, in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

☐ **BY OVERNIGHT DELIVERY** – by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below in lieu of delivery by mail. The envelope or package was deposited with delivery fees thereon fully prepaid.

☑ **BY ELECTRONIC MAIL –** by transmitting via email to the party(ies) at the email addresses listed below

☐ **BY PERSONAL SERVICE -** by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

John Doe Defendants
Email: pennymacloanservice@gmail.com
Email: pennymacservice@gmail.com

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

I declare under penalty of perjury under the laws of the United States that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on August 10, 2018, at Los Angeles, California.

Aida Turner

Aida Turner

REED SMITH LLP
A limited liability partnership formed in the State of Delaware