# United States District Court
# Central District of California

| | |
|---|---|
| PENNYMAC LOAN SERVICES, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN DOE, an individual; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 2:18-cv-05993-ODW(RAO)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO THE RULE26(f) CONFERENCE [10]** |

## I. INTRODUCTION

Plaintiff Pennymac Loan Services, LLC ("Pennymac") moved for leave to take limited discovery prior to the Rule 26(f) conference. Pennymac seeks leave of the Court to identify Defendant John Doe, who has allegedly been fraudulently soliciting loan applications from consumers by posing as Pennymac's founder using three gmail email addresses. Pennymac requests leave to serve Rule 45 subpoenas on two third-party sources, Google, Inc. ("Google"), and an as-yet-unidentified Internet Service Provider. For the reasons below, the Court **GRANTS** Pennymac leave to serve a subpoena on Google and **DENIES** without prejudice Pennymac's request to serve a subpoena on the unidentified Internet Service Provider.[1]

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Pennymac provides residential mortgage loans and loan-related services in the United States. (Compl. ¶ 8, ECF No. 1.) Pennymac alleges John Doe "has been and continues to engage in a fraudulent loan solicitation scheme," posing as Pennymac founder, Stanford Kurland. (Mot. for Leave to Take Discovery ("Mot.") 2, ECF No. 10; Compl. ¶ 13.) Doe allegedly uses three email addresses on various social media sites to solicit fraudulent loan applications in Kurland's and Pennymac's name: "pennymacloanservice80@gmail.com," "pennymacloanservice@gmail.com," and "pennymacservice@gmail.com" (collectively, the "Email Addresses"). (Mot. 2.) To stop Doe's fraudulent solicitations, Pennymac sued Doe for trademark infringement, false designation of origin, false advertising, and false personation. (*Id.* at 2; Compl. ¶¶ 8–19.) Attempting to ascertain Doe's identity and serve the Complaint, Pennymac also investigated independently through various means. (Mot. 2–3.) Pennymac has been unable to identify Doe or complete service. (*Id.* at 3.) Pennymac asserts that Doe continues to fraudulently solicit loan applications as Kurland by using the Email Addresses. (*See* Supp. Decl. of Carla M. Wirtschafter "Supp. Wirtschafter Decl.") ¶ 5, Ex. H (attaching email from consumer reporting Doe's solicitation), ECF No. 12.)

Pennymac now moves for leave to conduct early discovery or in the alternative to serve Doe via the Email Addresses. Specifically, Pennymac seeks to serve Rule 45 subpoenas on two third-party sources, (i) Google and (ii) an as-yet-unidentified Internet Service Provider ("ISP"). (Mot. 5–6.) From Google, Pennymac seeks documents sufficient to show the contact information, registrant, and IP addresses for the Email Addresses. (*Id.*; Decl. of Carla M. Wirtschafter ("Wirtschafter Decl.") ¶ 10, Ex. C, ECF No. 11.) Pennymac believes it will be able to identify the correct ISP from IP addresses disclosed by Google and seeks leave to serve a subpoena on the ISP, once identified, only "if the first subpoena . . . fails to yield sufficient information to ascertain Defendant's identity." (Mot. 6.) Pennymac asserts the information sought will enable it to identify Doe and serve him in this action. (*Id.* at 5.)

### III. DISCUSSION

A court may authorize early discovery before the Rule 26(f) conference "for the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d). Where a plaintiff does not know the identity of the defendants, the Ninth Circuit has found that a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery. *See, e.g.*, *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275–77 (N.D. Cal. 2002); *Uber Techs., Inc. v. Doe*, No. C 15-00908 LB, 2015 WL 1205167, at *3 (N.D. Cal. Mar. 16, 2015). To determine whether a plaintiff established good cause, courts consider whether the plaintiff has: (1) identified the Doe defendant with sufficient specificity as a real person who can be sued in federal court; (2) recounted the steps taken to locate and identify the defendant; (3) shown that the action can survive a motion to dismiss; and (4) established that the discovery is reasonably likely to lead to identifying information that will permit service of process. *Dhillon v. Does 1–10*, No. C 13-1465 SI, 2013 WL 5367783, at *1 (N.D. Cal. Sept. 25, 2013) (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)). Good cause may be found "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Assef v. Does 1-10*, No. 15-CV-01960-MEJ, 2015 WL 3430241, at *2 (N.D. Cal. May 28, 2015) (quoting *Semitool*, 208 F.R.D. at 276).

The Court has reviewed Pennymac's papers and supporting documents, including Pennymac's Statement That No Opposition Was Filed ("Statement") despite Pennymac delivering a copy of the Motion to the Email Addresses (Statement, ECF No. 12), and finds that Pennymac has satisfied the four factors showing good cause.

Without leave to conduct this early discovery, Pennymac is unable obtain this basic information, Doe's identity, necessary to serve Doe with the Complaint and advance the administration of justice. Doe will be notified of the subpoenas, as ordered below, and will have an opportunity to respond before Google discloses any information. Finally, all information obtained by way of this early discovery shall be used only for the purpose of protecting Pennymac's rights as set forth in the Complaint, thus limiting any potential prejudice to Doe. Accordingly, the Court finds the need for early discovery outweighs any potential prejudice and **GRANTS** Pennymac leave to serve a subpoena on Google, as detailed below.

Regarding the second subpoena, Pennymac has not yet identified the correct ISP. Further, Pennymac remains uncertain concerning its need to subpoena information from that entity. As such, the Court is unable to determine the propriety of Pennymac's proposed Rule 45 subpoena to the ISP and denies the requested leave on that basis. Pennymac may renew its request, if needed, when it has ascertained the correct ISP.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Pennymac's motion, in part, to serve a subpoena on Google substantially of the form and content as that attached as Exhibit C to the Wirtschafter Declaration.

Specifically:

1. Pennymac may serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Google to obtain documents sufficient to identify the following for the Email Addresses: contact information (name(s), address(es), telephone number(s), and email address(es)), registrant, and IP address(es) from which the Email Addresses were accessed (the "Identifying Information"). Pennymac must serve Google with a copy of this Order attached to the subpoena;

2. Google shall have 21 days from service of the subpoena to serve Doe with a copy of the subpoena and this Order. Google may serve Doe using any reasonable means, including written notice sent to the last known address, transmitted either by first-class mail or via overnight service;

3. Pennymac, Doe, and Google shall each comply with the Federal Rules of Civil Procedure and Local Rules of this Court regarding any challenge to the subpoena (including objections and motions to quash or modify the subpoena);

4. If any motions are brought to quash or otherwise object to the subpoena, Google shall preserve the Identifying Information pending resolution of such motions; and

5. Any information disclosed to Pennymac in response to the subpoena may be used solely for protecting its rights as set forth in the Complaint.

The Court **DENIES**, without prejudice, Pennymac's motion to the extent it seeks leave to serve a subpoena on the unidentified ISP.

**IT IS SO ORDERED.**

October 31, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**